IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MALINDA NABORS                                        PLAINTIFF

V.                                          CIVIL ACTION NO. 1:13CV65

KROGER COMPANY                                        DEFENDANT


MEMORANDUM OPINION

Presently before the court is Defendant's motion to dismiss for failure to state a claim.

Upon due consideration of the motion, response, complaint and documents attached to both the

complaint and motion to dismiss, the court is ready to rule.


FACTS AND PROCEDURAL BACKGROUND

Plaintiff, Malinda Nabors (hereinafter "Nabors" or "Plaintiff"), began working as a deli

clerk for Defendant, Kroger Limited Partnership, (hereinafter "Kroger" or "Defendant"), in

December 2009.  Nabors' employment with Kroger is governed by a collective bargaining

agreement entered into between Kroger and the United Food and Commercial Workers

International Union (hereinafter "Union").  This agreement governs any and all relations

between Kroger and its employees.

Nabors was reprimanded by her supervisor on multiple occasions for poor job

performance and customer complaints.  Kroger also suspended Nabors' employment twice due

to her infractions.  Following the last of these suspensions, Nabors composed a rebuttal

document purporting to challenge the reasons for her suspensions.  The store manager, upon

receiving this document, inquired as to its contents and was met with Nabors raising her voice

and then walking off.  On February 28, 2012, Nabors' employment with Kroger was terminated.

Kroger stated the official cause for her termination as "insubordination."

Following her dismissal, Nabors did not seek to utilize the grievance procedure available

to her under the collective bargaining agreement.  The collective bargaining agreement provided

arbitration as the final and exclusive remedy for any disputes arising out of the agreement.

Instead, left unemployed, Nabors sought out unemployment benefits with the Mississippi

Department of Employment Security (hereinafter "MDES").  MDES denied Nabors' request for

benefits because she had been dismissed by Kroger for misconduct.

On March 27, 2013, Plaintiff filed a complaint, *pro se*, in the Circuit Court of Lee

County, Mississippi, against Kroger alleging claims of what appear to be wrongful termination,

breach of a collective bargaining agreement, and racial discrimination.  Kroger promptly

removed the case to this court and filed this motion to dismiss for failure to state a claim upon

which relief can be granted.


STANDARD OF REVIEW

A complaint must contain a "short and plain statement… showing that the pleader is

entitled to relief."  Fed. R. Civ. P. 8(a)(2).  For a plaintiff to survive a Rule 12(b)(6) motion to

dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim a

to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A motion to

dismiss for failure to state a claim tests both the legal and factual sufficiency of a plaintiff's

complaint.  *Id.* at 679.  Though motions to dismiss are "viewed with disfavor and [are] rarely

granted," the burden rests on the plaintiff to prove her claim should go forward.  *Collins v.*

*Morgan Stanley Dean Witter*, 224 F.3d 496, 497 (5th Cir. 2000).

To meet her burden, a plaintiff cannot rest merely on "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, a plaintiff must demonstrate that facts pleaded allow the court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. In deciding whether a plaintiff has met her burden, the court "must accept as true all of the allegations contained in a complaint," except for those allegations which are mere legal conclusions. *Ashcroft*, at 678. Any legal conclusions in a complaint must be supported by factual allegations. *Id.* Ultimately, plaintiff's complaint must "nudge his claims… across the line from conceivable to plausible." *Id.* at 680 (quoting *Twombly*, 550 U.S. at 547).

Typically when deciding a 12(b)(6) motion to dismiss, the court "must limit itself to the contents of the pleadings, including attachments thereto." *Collins*, 224 F.3d at 498. The Fifth Circuit however has approved the practice of courts looking to documents not attached to the pleadings but instead attached to the motion to dismiss. *Id.* at 498-499.

ANALYSIS

Any claims arising out of a collective bargaining agreement between an employer and a labor union are pre-empted and governed by the Labor Management Relations Act (hereinafter "LMRA"). Specifically, Section 301 of the LMRA "provides the requisite jurisdiction and remedies" for such claims. *Thomas v. LTV Corp.*, 39 F.3d 611, 616 (5th Cir. 1994). LMRA's pre-emptive effect is the same whether a claim sounds in tort or contract. *Id.* Though Section 301 does not directly apply to claims made by an employee against her employer, the Supreme Court has held that such actions are viable and fall within the purview of the LMRA. *See Local 174, Teamsters, Chauffers, Warehousemen and Helpers of America v. Lucas Flour Co.*, 369 U.S. 95 (1962).

Plaintiff's claims arise out of the aforementioned collective bargaining agreement between her former employer and her labor union. Kroger contends Nabors' claims are not viable and should be dismissed for three reasons. First, Kroger asserts dismissal is appropriate because the applicable statute of limitations bars Nabors' claims. Congress has not provided a statute of limitations applicable to claims made by an employee against an employer under the LMRA. This court must therefore "borrow" a limitations period from either the most closely analogous state statute, or if this would be improper, from a related federal statute or federal common law. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158 (1983). Kroger cites to *DelCostello* in support of its argument that this court must borrow a six-month limitations period from §10(b) of the National Labor Relations Act (hereinafter "NLRA"). *DelCostello*, 462 U.S. at 158. If Kroger were correct in asserting that this six-month statute of limitations were applicable, Nabors' claim would be untimely. Kroger's reliance however is misplaced.

Generally speaking, "in labor law or elsewhere," a court should "resort to state law" when borrowing a limitations period. *Reed v. United Transp.Union*, 488 U.S. 319, 324 (1989). Borrowing a statute of limitations from a federal statute is but a "narrow exception to the general rule." *Id.* Courts are to borrow from a federal statute only when a state limitations period would be at "odds with the purpose or operation of federal substantive law." *DelCostello*, 462 U.S. at 160.

In *DelCostello*, the plaintiff-employee brought claims for breach of the collective bargaining agreement against his employer and breach of the duty of fair representation against the labor union. *Id.* at 156. The Court chose to borrow a six-month limitations period from §10(b) of the NLRA reasoning it was better suited to those facts presented. *Id.* at 170-72. The Court emphasized it had made the decision to borrow from a federal statute because the nature of

the plaintiff's claim against the labor union was substantially similar to those claims which are usually brought under the NLRA. *Id. DelCostello* is not on point with the facts presented here as Nabors has not asserted a claim against the Union for breach of the duty of fair representation.

This court will therefore only borrow the defendant's proposed limitations period if it finds that the most closely analogous state law limitations period would be at odds with the purpose or operation of the LMRA. Because this court does not make such a finding, the appropriate statute of limitations will be borrowed from Mississippi law. The applicable Mississippi limitations period requires a plaintiff to bring suit within three years after the cause of action accrued. Miss. Code Ann. § 15-1-49. Miss. Code Ann. § 15-1-49 applies to all actions in which no other prescribed limitations period has been provided. *Id.* Because the Mississippi legislature has not provided a separate statute of limitations for claims of breach of a written contract, § 15-1-49 would govern such actions. Further, it has been held by the District Court for the Southern District of Mississippi that the aforementioned limitations period should apply to an employee's claim for wrongful termination arising out of a written contract. *Robinson v. Coastal Family Health Center, Inc.*, 756 F. Supp. 958 (S.D. Miss. 1990).

Because Nabors' claim arises out of a collective bargaining agreement which governs her employment relationship with her former employer, her claim is essentially one for a breach of contract. Therefore, the three-year limitations period applied in *Robinson* would be the most closely analogous limitations period under Mississippi law. Plaintiff's cause of action accrued on February 28, 2012, the date her employment was terminated. She filed the present action on February 27, 2013, less than a year later, well within the three years provided by Mississippi law. Plaintiff's claim is therefore not time-barred, and Defendant's first argument fails.

Kroger's second argument posits that in order for Nabors to succeed in her claim against Defendant, she must also plead and prove a claim against the Union. Kroger relies however on case law which is inapplicable to these facts presented. Kroger relies primarily on a Supreme Court case, *Vaca v. Sipes*. 386 U.S. 171 (1967). In *Vaca*, the plaintiff filed suit against its labor union for violation of a collective bargaining agreement. *Id.* at 173. The Court held that under those circumstances an aggrieved employee could also bring suit against his employer provided that the employee could prove the union breached its duty of fair representation. *Id.* at 186. Nowhere in the *Vaca* opinion did the Court hold that for an aggrieved employee to bring a claim against its employer he must also assert a claim against the union. The holding in that case was only applicable to those facts where the employee had already asserted a claim against its labor union. Further, the Court merely ruled that an employee *could* bring a claim against his employer if he so chose and that if he so chose, he must prove his already existent claim against his union.

In *DelCostello*, the Court addressed a somewhat similar set of facts as those in *Vaca*. The plaintiff commenced suit against both his employer and labor union alleging claims arising out of a collective bargaining agreement. 462 U.S. 151, 151 (1983). On these facts, the Court held the plaintiff must prove his claim against both the employer, for breach of the collective bargaining agreement, and against the union, for breach of the duty of fair representation. *Id.* at 165. The Court chose not to address the situation in which a disgruntled employee makes the decision only to bring a claim against his employer.

The facts before this court today are not analogous to those presented in *Vaca* or *DelCostello*. In the case at hand, Nabors only alleges claims against her former employer. She has not asserted any claims against the Union for breach of the duty of fair representation; nor

does she have any basis for doing so.  Because the case law upon which Kroger relies to support

its position is not applicable to the present set of facts, Kroger's second argument fails.

Defendant's third and final assertion in support of its contention that dismissal is

appropriate rests on the fact that Nabors has not exhausted her remedies under the collective

bargaining agreement.  As mentioned above, the collective bargaining agreement between

Kroger and the Union contains an arbitration and grievance procedure.  This procedure applies to

any and all disputes arising out of the agreement and acts as the final and exclusive remedy for

any such claims.  It is undisputed that Nabors did not attempt to utilize this procedure before she

commenced this action.

The Supreme Court has long held that in general, before an employee may file a

complaint for claims arising out of a collective bargaining agreement, he must first utilize the

grievance procedures provided by such agreement.  *Hines v. Anchor Motor Freight*, *Inc.*, 424

U.S. 554, 564 (1976); *see also Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652-653 (1965);

*DelCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 163 (1983).  Courts have recognized a

narrow exception to this rule when a union has breached its duty of fair representation.  *Maddox*,

379 U.S. at 652.  Thus the general rule is only inapplicable when "the union representing the

employee…acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to

breach its duty of fair representation."  *DelCostello*, 462 U.S. at 164.  The rationale behind the

general rule that an employee must first attempt to utilize provided grievance procedures rests on

the notion that it is in the best interests of all parties involved- employer, union and employee.

*Maddox*, 379 U.S. at 652-653.

Nabors does not dispute that she failed to exhaust remedies provided to her under the

collective bargaining agreement; nor has she alleged that the Union breached its duty of fair

representation.  Nabors failed to notify the Union of any grievances with her former employer, thereby denying the Union an opportunity to resolve the dispute outside of court.  Consequently, the narrow exception to the general rule is not applicable.  Because Nabors did not exhaust her remedies under the collective bargaining agreement as required by Supreme Court precedent and because the aforementioned exception does not apply, she has no plausible claim against Kroger.

Nabors also asserts an ambiguous claim that Kroger has violated her civil rights, apparently contending that the defendant discriminated against her because of her race.  No facts were alleged to support this assertion, however.  Regardless, Nabors has not filed an administrative complaint with the Equal Employment Opportunity Commission.  Filing an administrative complaint is a "jurisdictional pre-requisite to a Title VII suit." *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995).  Because Nabors has not yet exhausted her administrative remedies with the EEOC, she may not bring suit alleging a violation of her civil rights at this time.

Finally, the court notes that within her response, Plaintiff submits that Defendant's arguments for dismissal are correct but argues that the motion should nevertheless be denied because she wishes to amend her complaint and believes that claims in this proposed amended complaint would survive a 12(b)(6) motion.  Local Uniform Civil Rule 7(b)(3)(C) states "a response to a motion may not include a counter-motion in the same document."  Further, "any motion must be an item docketed separately from a response."  L.U.Civ.R. 7(b)(3)(C).  The court, therefore, declines to address Plaintiff's motion to amend her complaint.

## CONCLUSION

For the foregoing reasons, the court finds that the defendant's motion to dismiss for

failure to state a claim is well taken and should be granted.  A separate order in accordance with

this opinion shall issue this day.

This, the 5th day of February, 2015.

 /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**